# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ESTRADA, | 1:10-cv-00628-OWW-DLB (HC) |
|     Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND TERMINATING ALL PENDING MOTIONS AS MOOT |
|     v. | |
| J. HARTLEY, Warden | |
|     Respondent. | |
| / | [Doc. 1] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on April 12, 2010. Petitioner challenges the California Board of Parole Hearings' September 24, 2008, decision finding him unsuitable for release. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Respondent filed an answer to the petition on June 18, 2010, and Petitioner filed a traverse on July 8, 2010.

    Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout

1

1  v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit
2  instructed reviewing federal district courts to determine whether California's application of
3  California's "some evidence" rule was unreasonable or was based on an unreasonable
4  determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563;
5  Pearson v. Muntz, 606 F.3d at 608.
6      On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
7  Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  In Swarthout, the
8  Supreme Court held that "the responsibility for assuring that the constitutionally adequate
9  procedures governing California's parole system are properly applied rests with California
10 courts, and is no part of the Ninth Circuit's business."  The federal habeas court's inquiry into
11 whether a prisoner denied parole received due process is limited to determining whether the
12 prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons
13 why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional
14 Complex, 442 U.S. 1, 16 (1979).  Review of the instant case reveals Petitioner was present at his
15 parole hearing, was given an opportunity to be heard, and was provided a statement of reasons
16 for the parole board's decision. (See Resp't's Answer Ex. 1.)  "The Constitution does not require
17 more [process]." Greenholtz, 442 U.S. at 16.  Therefore, the instant petition does not present
18 cognizable claims for relief and must be summarily dismissed.
19 Certificate of Appealability
20     A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
21 district court's denial of his petition, and an appeal is only allowed in certain circumstances.
22 Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining
23 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:
24     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
        district judge, the final order shall be subject to review, on appeal, by the court
25      of appeals for the circuit in which the proceeding is held.
26     (b) There shall be no right of appeal from a final order in a proceeding to test the
        validity of a warrant to remove to another district or place for commitment or trial
27      a person charged with a criminal offense against the United States, or to test the
        validity of such person's detention pending removal proceedings.
28

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case;

3) The Court DECLINES to issue a certificate of appealability; and

4) All pending motions are TERMINATED as MOOT.

IT IS SO ORDERED.

Dated:   **January 25, 2011**                    **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE